UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-15-1581 |
|---|---|---|
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| Warden DAVID EBBERT, | : | |
| Respondent | : | |

# ORDER

**AND NOW, THIS 5th DAY OF APRIL, 2018,** upon consideration of Petitioner's motion for relief from final judgment, filed pursuant to Fed.R.Civ.P. 60(b)(1),[1] in which Petitioner argues that the Court "mistakenly reached the merits" of Incident Report No. 2353199, "because Petitioner failed to exhaust his administrative remedies before bringing habeas action" and "this court lacked jurisdiction to reach the merits of Petitioner's due process claim of the disciplinary proceedings of Incident Report No. 2353199," (see doc. 13 at 11) and it appearing from this Court's September 12, 2016 Memorandum and Order that the Court found that Petitioner failed to properly exhaust his administrative remedies with

---

[1]Federal Rule of Civil Procedure 60(b)(1) provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise or excusable neglect. Only extraordinary, and special circumstances justify relief under Rule 60(b)(6). Page v. Schweiker, 786 F.2d 150, 158 (3rd Cir.1986).

respect to Incident Report No. 2353199 (see doc. 10 at 21) and only addressed the merits of Incident Report No. 2253031[2], (see doc. 10 at 22), **IT IS HEREBY ORDERED THAT** Petitioner's motion for relief from final judgment is **DENIED**.

/s/ William J. Nealon
**United States District Judge**

---

[2]To the extent that Petitioner makes the conclusory argument that this Court "also mistakenly concluded in its decision and judgment of incident report no. 2253031 that Petitioner was afforded all of the required procedural due process set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), (see doc. 13 at 13), because the Discipline Hearing Officer failed to review video footage, Petitioner's argument formed the basis of his petition for writ of habeas corpus and does not constitute a mistake under Fed.R.Civ.P. 60(b)(1), but rather reflects Petitioner's disagreement with the decision rendered. As such, the Court finds that Petitioner has failed to set forth extraordinary circumstances to justify the granting of his Rule 60(b)(1) motion.